## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSCELYN QUIROZ and SAMUEL QUIROZ on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>RIDER UNIVERSITY,<br><br>          Defendant. | Civil Action No. 20-cv-05620<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Joscelyn Quiroz and Samuel Quiroz ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Rider University ("Rider" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Rider, and who, because of its response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them.

2.      Rider is a large private university, with an enrollment of approximately 5,000 students. Rider is located in Lawrence Township, New Jersey. Rider offers more than 50 degree options for undergraduate students as well as graduate programs, including business and education.

3.      On March 17, 2020 Rider announced via news release that because of the global COVID-19 pandemic, all in-person classes would be suspended effective March 30, 2020 (the first day back from Spring Break).  The announcement informed students that all classes would instead be held remotely through online formats.

4.      Since March 13, 2020, Rider has not held any in-person classes.  The closure of Rider's campuses has been extended through the end of Spring Semester 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

5.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.  The online learning options being offered to Rider students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the in-person education that Plaintiffs and the putative class members contracted and paid for.

6.      Plaintiffs and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Rider claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

7.      Through this lawsuit Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiffs seek a return of these amounts on behalf of themselves and the Class as defined below.

## PARTIES

8.      Plaintiff Joscelyn Quiroz is a citizen of New Jersey who resides in Somerset, New Jersey.  Ms. Quiroz is an undergraduate student at Rider, and paid approximately $3,711 in tuition and fees for the Spring 2020 semester.  Ms. Quiroz is pursuing a Bachelor's degree in Marine Sciences at Rider.  The Marine Sciences program at Rider relies extensively on in-person instruction, meaningful student presentations, peer collaboration, and access to university facilities, including laboratory equipment.  None of these resources are available to Ms. Quiroz while in-person classes are suspended.  Ms. Quiroz has not been provided a refund of any tuition monies paid, despite the fact that in-person classes have not been held since March 13, 2020.

9.      Plaintiff Samuel Quiroz is a citizen of New Jersey who resides in Somerset, New Jersey.  Mr. Quiroz is the parent of Ms. Quiroz.  Mr. Quiroz paid Defendant approximately $10,677 in tuition and fees for Spring Semester 2020.  Despite the fact that in-person classes have not been held since March 13, 2020, Rider has not provided any refund for tuition or fees.

10.     Defendant Rider University is a private university with its principal place of business located at 2083 Lawrenceville Road, Lawrenceville, New Jersey 08648.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

12.     This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, because Defendant conducts

substantial business in this District, and because Defendant's principal place of business is located in this District.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, because Plaintiffs are residents of this District, and because Defendant's principal place of business is located in this District.

## FACTUAL ALLEGATIONS

### *Plaintiffs And Class Members Paid Tuition And Fees For Spring Semester 2020*

14.     Plaintiffs and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at Rider.

15.     Spring Semester 2020 classes at Rider began on or about January 27, 2020.  Final exams for the semester are scheduled for end on or around May 12, 2020.

16.     Plaintiffs and Class members paid the cost of tuition for the Spring Semester 2020.  They also paid other mandatory fees associated with the Spring Semester 2020, including a Student Activities Fee and Technology Fees.

17.     Approximate tuition costs at Rider for the Spring Semester 2020 are as follows:

- Undergraduate student (12-18 credits):  $21,860

- Undergraduate student (1-11 credits):  $1,260 per credit

- MBA student:  $1,000 per credit

- Other graduate student programs:  $850 per credit

18.     Precise fees paid by or on behalf of Rider students vary based on program of study.  However, academic fees for full-time Rider students comprise at least $370 per semester.

19.     The tuition and fees described in the paragraphs above are provided by way of

example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

***In Response To COVID-19, Rider Closed Campuses And Cancelled All In-Person Classes***

20.     On March 17, 2020, Rider announced via news release that because of the global COVID-19 pandemic, all in-person classes would be suspended effective March 30, 2020 (the first day back from Spring Break).  The announcement informed students that all classes would instead be held remotely through online formats.

21.     Since March 13, 2020, Rider has not held any in-person classes.  The closure of Rider's campuses has been extended through the end of Spring Semester 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as music, theatre, nursing, and the sciences) have only had access to minimum online education options.

22.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.  Plaintiffs and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Rider claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

23.     Defendant markets the Rider on-campus experience as a benefit of enrollment on Rider's website:



## Student Life

STUDENT LIFE

Rider is unique—the time you spend here is unlike any other time in your life.  It gleams with excitement and pulses with energy.  It's about becoming the person you dreamed you could be. It's about gathering skills that will serve you long after you leave.  **It's your life waiting to be lived.**

24.     Defendant also markets the benefits its facilities and collaborative environment for many programs, including its Marine Sciences program:



## Marine Sciences (B.S.)

ACADEMICS / COLLEGES & SCHOOLS / COLLEGE OF LIBERAL ARTS AND SCIENCES / SCIENCE PROGRAMS / GEOLOGICAL, ENVIRONMENTAL, & MARINE SCIENCES (GEMS) / MARINE SCIENCES (B.S.)



The Marine Sciences major prepares students for meaningful and productive post-baccalaureate employment and/or admission to high-quality graduate programs. Although administered by GEMS, the Marine Sciences major is truly interdisciplinary in nature, both in its curriculum and faculty.The program investigates and emphasizes the multiple feedback interactions among unicellular to vertebrate marine organisms, the physiochemistry of the water in which they live, and the substrates in and/or on which they dwell. Typically, students who major in the Marine Sciences also double major or minor in one or more of the following programs: Biology, Chemistry, Earth and Environmental Sciences, Environmental Studies, Geosciences, and Psychology (for marine mammal training).

6

25.     The online learning options being offered to Rider students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

26.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for—especially given that the majority of Rider's degree programs require significant studio time, access to design facilities, and/or collaborative efforts among students and between students and instructors.  The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition.

27.     Through this lawsuit Plaintiffs seeks, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiffs seek return of these amounts on behalf of themselves and the Class as defined below.

## CLASS ALLEGATIONS

28.     Plaintiffs seek to represent a class defined as all people who paid Rider Spring Semester 2020 tuition and/or fees for in-person educational services that Rider failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge

assigned to this action, and any member of the judge's immediate family.

29.     Plaintiffs also seek to represent a subclass consisting of Class members who reside in New Jersey (the "Subclass").

30.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

31.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiffs reasonably estimate that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiffs, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

32.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted; and

(c)     whether Class and Subclass members are entitled to a refund for that portion of

the tuition and fees that was contracted for services that Defendant did not
provide.

(d)      whether Defendant has unlawfully converted money from Plaintiffs, the Class and
Subclass; and

(d)      whether Defendant is liable to Plaintiffs, the Class, and Subclass for unjust
enrichment.

33.      **Typicality.**  Plaintiffs' claims are typical of the claims of the other members of
the Class in that, among other things, all Class and Subclass members were similarly situated and
were comparably injured through Defendant's wrongful conduct as set forth herein.  Further,
there are no defenses available to Defendants that are unique to Plaintiffs.

34.      **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the
interests of the Class and Subclass.  Plaintiffs have retained counsel that is highly experienced in
complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action
on behalf of the Class and Subclass.  Furthermore, Plaintiffs have no interests that are
antagonistic to those of the Class or Subclass.

35.      **Superiority.**   A class action is superior to all other available means for the fair
and efficient adjudication of this controversy.  The damages or other financial detriment suffered
by individual Class and Subclass members are relatively small compared to the burden and
expense of individual litigation of their claims against Defendant.  It would, thus, be virtually
impossible for the Class or Subclass on an individual basis, to obtain effective redress for the
wrongs committed against them.  Furthermore, even if Class or Subclass members could afford
such individualized litigation, the court system could not.  Individualized litigation would create
the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

36.     In the alternative, the Class and Subclass may also be certified because:

(a)     the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**<u>COUNT I</u>**
**Breach Of Contract**
**(On Behalf Of The Class And Subclass)**

37.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

38.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendants.

39.     Through the admission agreement and payment of tuition and fees, Plaintiffs and

each member of the Class and Subclass entered into a binding contract with Defendant.

40.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiffs, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Semester.

41.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiffs and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

42.     Plaintiffs and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

43.     As a direct and proximate result of Defendant's breach, Plaintiffs, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Rider shut down on March 13, 2020.

44.     Defendant's performance under the contract is not excused due to COVID-19.

Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

### COUNT II
**Unjust Enrichment**
**(On Behalf Of The Class And Subclass)**

45.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

46.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

47.     Plaintiffs and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

48.     Defendant voluntarily accepted and retained this benefit by accepting payment.

49.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Rider shut down on March 13, 2020.

50.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

**COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**

51.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

53.     Plaintiffs and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

54.     Defendant intentionally interfered with the rights of Plaintiffs, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

55.     Plaintiffs and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Rider shut down on March 13, 2020.

56.     Defendant's retention of the fees paid by Plaintiffs and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiffs, Class and Subclass members of the benefits for which the tuition and fees paid.

57.     This interference with the services for which Plaintiffs and members of the Class and Subclass paid damaged Plaintiffs and Class members in that they paid tuition and fees for services that will not be provided.

58.     Plaintiffs, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since

Rider shut down on March 13, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek

judgment against Defendant, as follows:

(a)     For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass;

(b)     For an order finding in favor of Plaintiffs and the Class and Subclass on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any

and all issues in this action so triable of right.


Dated: May 6, 2020                          Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**

                                            By:     _/s/ Philip L. Fraietta_____
                                                         Philip L. Fraietta

                                            Joseph I. Marchese *(pro hac vice* app. forthcoming*)*
                                            Philip L. Fraietta
                                            888 Seventh Avenue
                                            New York, NY 10019

Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: jmarchese@bursor.com
       pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs*